# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SIDNEY RUCKER,

        Petitioner,      :      Case No. 3:13-cv-344

   - vs -                            District Judge Timothy S. Black
                                    Magistrate Judge Michael R. Merz

ERNIE MOORE, WARDEN,
 Lebanon Correctional Institution,

                                     :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 3) recommending dismissal of the Petition. Judge Black has recommitted the case for reconsideration in light of the Objections (Doc. No. 6).

The Petition pleads four Grounds for Relief. Rucker only objects to the proposed disposition of Grounds One, Three, and Four.

**Ground One: Violation of the Fourth Amendment**

In his First Ground for Relief Rucker asserts various Fourth Amendment violations in his initial detention and arrest and complains that the state courts did not sanction those violations by suppressing the resulting evidence.

1

The Report noted that Fourth Amendment violations are not cognizable in habeas corpus if the petitioner has been given a full and fair opportunity to litigate those issues in the original state court prosecution. (Report, Doc. No. 3, PageID 45), *citing Stone v. Powell,* 428 U.S. 465 (1976).

Rucker admits that he was given a full opportunity to litigate these questions in the state courts, but claims that a state prisoner is still entitled to habeas relief if the:

claims previously adjudicated on the merits by a state court resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).While that is true for other constitutional claims, it is not true for Fourth Amendment claims. *Stone v. Powell*, *supra*, prevents this Court from reaching the merits of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate it in the state courts. *Van Poyck v. Florida Dept. of Corrections,* 290 F.3d 1318 (11th Cir. 2002), the authority relied on by Rucker, is not a Fourth Amendment case and does not consider the *Stone v. Powell* rule. The First Ground for Relief should be dismissed with prejudice.

**Ground Two: Prosecutorial Misconduct**

Rucker makes no objection to the proposed dismissal of this Ground for Relief.

2

**Ground Three: Trial Judge Mishandling of Deliberations**

In his Third Ground for Relief, Rucker asserts his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments were violated when the trial judge answered a question from the jury during deliberations without first consulting with counsel.

In deciding Rucker's direct appeal, the Second District Court of Appeals found that the jury did send the judge a set of questions on the second day of deliberations. The judge attempted unsuccessfully to reach Rucker's counsel, then answered the question in writing, without consulting either counsel, as follows: "Focus on action, if you find it occurred. Look at page 7, Count II of the instructions[.]" *State v. Rucker*, 2012 Ohio 4860, 2012 Ohio App. LEXIS 4254, ¶ 38 (2nd Dist. Oct. 19, 2012). Rucker does not dispute that this is an accurate account of what happened. (Objections, Doc. No. 5, PageID 65.)

The Second District also agreed that a criminal defendant has a constitutional right under the Fourteenth Amendment to have his counsel present during a court conference regarding a jury question. *State v. Rucker, supra*, ¶¶ 41-43. The fact that such communication happened is trial court error, but not conclusively presumed to be prejudicial. *Id.* at ¶ 44. The Second District concluded:

> the answer given to the question was the same both before and after hearing from the attorneys. Because the trial court's response essentially reiterated the instructions previously provided, albeit not in the same words, we conclude that the court's erroneous communication with the jury during deliberations was harmless.

*Id.*, ¶ 45.

Rucker argues in his Objections that "[t]he U.S. Supreme Court has clearly established that the actual or constructive denial of counsel during a critical state [sic] of a judicial

3

proceedings [sic] mandates a presumption of prejudice." (Objections, Doc. No. 5, PageID 67), *citing Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000). Under these circumstances, he claims, neither *Strickland v. Washington*, 466 U.S. 668 (1984), nor harmless error analysis applies. *Id.* Thus Rucker asserts both the Second District and the Magistrate Judge misapplied this controlling Supreme Court case.

In *Roe*, the Supreme Court relied on its prior cases, *United States v. Cronic*, 466 U.S. 648 (1984); *Penson v. Ohio*, 488 U.S. 75 (1988); and *Smith v. Robbins*, 528 U.S. 259 (2000), to hold:

> the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice because "the adversary process itself " has been rendered "presumptively unreliable." *Cronic*, *supra*, at 659. The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice. Put simply, we cannot accord any "'presumption of reliability,'" *Robbins supra*, at     (slip op., at 24), to judicial proceedings that never took place.

*Id.* at 483. The issue in *Roe* was failure of counsel to file a notice of appeal, which deprived the defendant of any appeal whatsoever. However, the Supreme Court reversed the Ninth Circuit's adoption of a *per se* prejudice rule under these circumstances; the defendant was still required to prove prejudice, i.e., that counsel failure to file the notice had actually deprived him of the appeal. To put it another way, the defendant was required to prove prejudice under the *Strickland* standard. *Roe, supra*, at 484. Although there is a mandatory presumption of prejudice, it is not a conclusive presumption; instead, it is a presumption which can be rebutted.

By deciding that counsel's absence at the time the trial judge answered the jury's question was harmless, the Second District in effect determined that there was no prejudice to Rucker's case from counsel's absence. Rucker fails to overcome that finding, entitled as it is to deference under 28 U.S.C. § 2254(d)(1). The Second District found that the trial judge's answer

4

was, in essence, the same instruction defense counsel requested, but in different words.  Rucker argues that "[t]here is no way for this Court to go into the minds of the jurors and determine how they interpreted this answer or how the answer had an effect on the verdict."  (Objections, Doc. No. 5, PageID 68.)  However, that is always the case with jury instructions – neither the original trial court nor any reviewing court learns what impact certain words had on a jury because jurors may not testify about their deliberations.  Ohio R. Evid. 606(B).  Reviewing courts can only determine whether the instructions properly state the law or are misleading.  Here the Second District determined that the words the trial judge used were essentially the instruction defense counsel asked to be given and there was no issue whether that was a correct statement of Ohio law.  Rucker has offered no basis on which to find under these circumstances that giving the answer without counsel present was anything but harmless.  Ground Three for Relief should be denied.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Rucker asserts he received ineffective assistance of trial counsel when his trial attorney failed to raise "all meritorious issues presented above."  As noted in the Report, the Second District decided this claim on the merits.  (Report, Doc. No. 3, PageID 55-59, *quoting State v. Rucker, supra,* ¶¶ 56-71.)  The actual allegedly deficient performance which Rucker argues in his Objections is the failure to file a motion to suppress the improper show-up identification. (Objections, Doc. No. 5, PageID 74.)  Rucker did not argue in the state appeals court that the show-up procedure itself was illegal, but rather that the initial detention and arrest were illegal.  *State v. Rucker, supra*,. ¶ 66.  He repeats this position in his Objections:

5

"[t]his claim is solely based on the fact that petitioner was illegally arrested and if the arrest was illegal then the identification was illegal. In short, petitioner could not have been identified by anyone if he was never illegally [sic] arrested." (Objections, Doc. No. 5, PageID 74.) However, in the very next sentence, he states "[p]etitioner ask [sic] this Court to find that the procedures used to identify him were improper and unduly suggestive in violation of the Fourth, Fifth, and Fourteenth Amendment [sic] to the United States Constitution." *Id.* at PageID 75. This appears to be a challenge – albeit without any supporting argument or detail – about the show-up procedures rather than the original arrest.

As noted by the Second District, in ¶ 66 of its opinion, Rucker raised a claim about the show-up procedures in the trial court but did not pursue in the court of appeals. If that is the claim he is now making, it is procedurally defaulted by his failure to present it on direct appeal. *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

On the other hand, if Rucker is pursuing a claim that the original detention was unlawful and his counsel was ineffective for failing to raise that claim, this claim of ineffective assistance of trial counsel was pursued on appeal and the Second District determined it was without merit because any such motion to suppress would likely not have been granted. *State v. Rucker*, *supra*, ¶¶ 68-69, quoted in the Report, Doc. No. 3, PageID 58. In the Report, the Magistrate Judge concluded this Fourth Ground for Relief was without merit because the Second District's decision was not an objectively unreasonable application of the relevant United States Supreme Court precedent, *Terry v. Ohio*, 392 U.S. 1 (1968). In his Objections, Rucker cites no Supreme Court authority to the contrary. The Fourth Ground for Relief should therefore be denied.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 5, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).